UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANGELO DIAZ RODRIQUEZ, a/k/a
Chico,
　　　　　*Defendant-Appellant.*

No. 00-4686

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-98-409)

Submitted: May 31, 2001

Decided: June 19, 2001

Before MICHAEL, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John B. Mann, LEVIT, MANN & HALLIGAN, P.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James B. Comey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Angelo Diaz Rodriquez was convicted by a jury of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g) (West 2000), and received an enhanced sentence as an armed career criminal under 18 U.S.C. § 924(e) (1994) to 293 months imprisonment. He appeals claiming, first, that Congress exceeded its authority under the Commerce Clause in enacting § 922(g), relying primarily upon *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating 18 U.S.C. § 922(q)(1)(A)). This claim has been considered and rejected by this court. *See United States v. Gallimore*, 247 F.3d 134 (4th Cir. 2001); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir.) (upholding § 922(g)(1)), *cert. denied*, 529 U.S. 1123 (2000); *United States v. Bostic*, 168 F.3d 718 (4th Cir.) (upholding § 922(g)(8)), *cert. denied*, 527 U.S. 1029 (1999).

Next, Rodriquez argues that the evidence was insufficient to support his conviction and that his sentence under 18 U.S.C. § 924(e) should be vacated in light of the Supreme Court's recent opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000). We find that the testimony at Rodriquez's trial supported his conviction of possessing the firearm found in the trunk of his car. His challenges to the government's witness' credibility are not reviewable by this court. *See United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). Rodriquez's reliance on *Apprendi* is misplaced because § 924(e)—which is based on prior convictions—is specifically excluded from the holding of *Apprendi*. 120 S. Ct. at 2362-63.

Rodriquez also argues that the evidence was insufficient to support his sentence as an armed career criminal in that he never conceded the validity of his prior convictions. The presentence report noted three prior violent felonies, the validity of which Rodriquez never challenged. Because each of the crimes qualifies as a "violent felony"

within the meaning of § 924(e), the district court did not err in sentencing Rodriquez as an armed career criminal.

Finally, Rodriquez claims that the district court improperly imposed a two-level enhancement for obstruction of justice pursuant to *U.S. Sentencing Guidelines Manual* § 3C1.1 (1998). Rodriquez did not object at sentencing; therefore, this claim is reviewed only for plain error. The district court imposed the enhancement because the court concluded that Rodriquez had committed perjury when he testified that he had no knowledge of the firearm found in his trunk. We find that the district court's conclusions were supported by the record and therefore the court did not plainly err in imposing the enhancement. *See United States v. Smith*, 62 F.3d 641, 646 (4th Cir. 1995).

Accordingly, we affirm Rodriquez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*